IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, <br><br> *Plaintiff,* <br><br> v. <br><br> Commissioner TIMOTHY WARD, *et al.*, <br><br> *Defendants.* | CIVIL ACTION NO. <br> 5:22-cv-00342-TES-TQL |

**ORDER**

Before the Court is Plaintiff Waseem Daker's Amended Complaint [Doc. 8] and his Objections [Doc. 9] to the magistrate judge's Report and Recommendation [Doc. 3]. The Court previously adopted the magistrate judge's Recommendation and entered Judgment. [Doc. 6]; [Doc. 7]. However, because Plaintiff's Objections were timely filed on March 2, 2023,[1] the Court **VACATES** its prior Order [Doc. 6] and Judgment [Doc. 7].

Based on Plaintiff's Objections, the Court reviews the magistrate judge's Recommendation de novo. 28 U.S.C. § 636(b)(1)(C). However, Plaintiff's Objections and "Amended Complaint" do not cure the obvious defect with Plaintiff's case.

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

First, Daker's amended complaint is not timely under the Federal Rules of Civil Procedure. [Doc. 8]. Federal Rule of Civil Procedure 15(a), as amended in 2009, allows a plaintiff to amend his complaint in four circumstances: (1) as a matter of course within twenty-one days after service; (2) as a matter of course within twenty-one days after the service of a responsive pleading or Rule 12 motion; (3) with the opposing party's written consent; or (4) with the court's leave. Daker's amended complaint was filed without Defendants' consent, without leave from the Court, and more than five months after he filed the operative Complaint. [Doc. 8]. Moreover, Daker's failure to comply with the Northern District Injunction has resulted in a dismissal before service on the defendants. Because the time for Daker to serve the operative complaint had not yet been reached, the window for filing an amended complaint as a matter of course had not yet opened.[2]

Even if the Court accepted his 78-page Amended Complaint, Plaintiff still failed to comply with the clear instructions of the injunction imposed by the United States District Court for the Northern District of Georgia. Namely, Plaintiff still did not attach a copy of that injunction as required. *Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015, at *1 (11th Cir. Apr. 13, 2022).

---

[2] Even construing Plaintiff's filing as seeking leave to amend, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint amended is still subject to dismissal." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (internal quotation marks and citations omitted). Here, Daker's amended complaint would still be subject to dismissal for failure to comply because he did not attach a copy of the Northern District Injunction order. [Doc. 8].

Plaintiff contends he was unable to comply with the Northern District injunction because he did not have adequate access to copy machines and printers. [Doc. 9, p. 3]. However, Plaintiff could have at least tried to comply, in good faith, with the injunction's requirements by notifying the Court of its existence in his original Complaint. He did not. That exemplifies the entire point of the injunction: alerting courts to Plaintiff's bad faith tactics and abuse of the judicial system that "has clogged the federal courts with frivolous litigation." *Daker*, 2022 WL 1102015 at *2.

Plaintiff further argues that "the Court is apparently aware of the Northern District of Georgia's order, so Plaintiff's inability to attach a copy of an order . . . did not deprive this Court of any information of which it was unaware." [Doc. 9, p. 13]. However, that does little to help Plaintiff's cause. It is clear that "where an injunction is ordered, the parties are bound to obey it and are under an obligation to take steps to insure that violations of the order, even inadvertent, do not occur." *Smith Barney, Inc. v. Hyland*, 969 F. Supp. 719, 722 (M.D. Fla. 1997). It is inapposite that the Court might otherwise be aware of Plaintiff's responsibilities. That knowledge does not absolve Plaintiff of the plain and clear instructions laid out by the injunction.

In this case, Plaintiff did "not even an attempt at compliance with [the injunction's] requirements." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). The plain terms of the injunction warned Plaintiff that any case he filed without strict compliance with the Order would "be summarily dismissed." *See* Permanent

3

Injunction, *Daker v. Deal*, No. 1:18-CV-5243-WMR (N.D. Ga. Aug. 4, 2020), ECF No. 57; *see also Martin-Trigona*, 986 F.2d at 1388 ("Dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions."). Plaintiff's Objections provide no basis for the Court to excuse his noncompliance.

Based upon the foregoing, the Court **OVERRULES** Plaintiff's Objections [Doc. 9] and **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 3] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1]. The Clerk shall **REENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 3rd day of April, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**