# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

|   |   |
|---|---|
| WASEEM DAKER,<br><br>*Plaintiff,*<br><br>v.<br><br>Commissioner TIMOTHY WARD, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:22-cv-00342-TES-TQL |

## ORDER

Before the Court is Plaintiff Waseem Daker's "Fed.R.Civ.P. 59(e) Motion to Vacate and Reconsider" [Doc. 15], asking the Court to reconsider its prior Order [Doc. 10] and Judgment [Doc. 11] dismissing his case.[1] Because Plaintiff fails to assert any new arguments worthy of consideration, or otherwise meet the high standard for vacating judgment under Rule 59(e), the Court **DENIES** his Motion.

## LEGAL STANDARD

At the outset, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012)

---

[1] To the extent Plaintiff asks the Court to reconsider its Order pursuant to the Local Rules, that Motion is late. *See* M.D.Ga. L.R. 7.6 (requiring motions for reconsideration to be filed within 14 days after entry of the order). However, under the Federal Rules, Plaintiff timely filed his Motion to Vacate pursuant to Rule 59. *See* Fed. R. Civ. P. 59(e).

(quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522, at *1 (M.D. Ga. Oct. 24, 2017); [Doc. 180 at pp. 2–3]. Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

## DISCUSSION

Plaintiff's Motion "simply rehashes the same arguments previously considered by the Court" before it issued its Order dismissing Plaintiff's case. *Talley v. Hous. Auth. of Columbus, Ga.*, No. 5:09-CV-308 (CAR), 2014 WL 12711868, at *1 (M.D. Ga. Sept. 5, 2014). Plaintiff's only new argument is that the Court committed clear error by ruling that the timeframe for amending his Complaint had not opened, therefore his "Amended Complaint" was improper. [Doc. 18, p. 4 (citing Susan E. Hauser, *The 2009*

2

*Amendment to Federal Rule 15(a)(1)—A Study in Ambiguity*, 33 N.C. CENT. L. REV. 10 (2010))]. However, as discussed in the Court's previous Order, the timeline for Plaintiff to amend had not begun.[2] Even accepting, *arguendo*, that Plaintiff's Amended Complaint is the operative pleading, the Court's Order still stands. In that filing, Plaintiff nonetheless failed to attach a copy of the injunction or even follow its clear commands. Again, Plaintiff argues that he did not have a copy of the Northern District injunction, and therefore could not provide it to the Court. [Doc. 18, p. 5]. However, that once again misunderstands the intention of the injunction. Plaintiff could have at least attempted to comply with the requirements of the injunction—he did not. Excusing that conduct only encourages the very behavior the injunction intends to curb. Put another way, to allow Plaintiff to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818,

---

[2] 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Fed. Prac. & Proc. Civ. § 1480, Amendments as of Course—In General (3d ed.); *Stephens v. Atlanta Indep. Sch. Sys.*, No. 1:13-CV-978-WSD, 2013 WL 6148099, at *2 (N.D. Ga. Nov. 22, 2013) ("Here, none of these circumstances existed when the Amended Complaint was filed—the Original Complaint had not been served, an answer had not been served, and a Rule 12 motion had not been filed. The Amended Complaint therefore was not filed of right, and Plaintiff did not have Defendant's consent or the Court's permission to file it. As a result it was not an allowed pleading under Rule 15(a)(1)."); *see also Jamison v. Long*, No. 519CV00457TESMSH, 2021 WL 2936132, at *4 (M.D. Ga. July 13, 2021); *Russell v. Hancock Cnty. Sheriff's Dep't*, No. 3:21-CV-079-TAV-HBG, 2021 WL 1092219, at *2 (E.D. Tenn. Mar. 22, 2021) ("Plaintiff's complaint has not yet been served on Defendants, and thus Plaintiff is not within the relevant time periods in which he could amend his complaint as a matter of course.").

Plaintiff cites only to unpublished, non-binding cases that do not clearly answer the Rule 15 question. See *Daker v. Redfin Corp. Inc.*, No. 20-13598, 2021 WL 5235102, at *1 (11th Cir. Nov. 10, 2021) (relying on *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282 (11th Cir. 2007), which was decided before the relevant 2009 amendments to Fed. R. Civ. P. 15). Accordingly, the Court relies on the plain text of Rule 15 and finds that Plaintiff's attempt to amend his Complaint was improper.

819 (11th Cir. 2006).

Plaintiff also argues that he does not have access to PACER, therefore, he cannot be expected to know the contents of the injunction. However, Plaintiff's Motion cites several cases and law review articles accessed via Lexis and other internet sources. First, it is exceedingly obvious that Plaintiff has outside help assisting him with his filings. To ignore that fact is to ignore the reality of the entire situation. Clearly, whoever is helping him draft his filings could maintain a copy of the injunction. Second, the Northern District injunction is easily accessible via Lexis. *See Daker v. Deal*, No. 1:18-cv-5243-WMR, 2020 U.S. Dist. LEXIS 182390, at *1 (N.D. Ga. Aug. 4, 2020). Even more, the Eleventh Circuit opinion affirming the injunction is also readily available. *See Daker v. Gov. of Ga.*, No. 20-13602, 2022 U.S. App. LEXIS 9929, at *1 (11th Cir. Apr. 13, 2022). Notwithstanding the fact that the Court previously considered—and rejected—these arguments, the Court again finds Plaintiff's attempts to blame others for his obvious shortcomings unpersuasive.

Aside from Plaintiff's arguments regarding the injunction, the magistrate judge also recommended that Plaintiff's Complaint be dismissed after preliminary screening pursuant to 28 U.S.C. § 1915A. Plaintiff's Complaint—which brings claims against government officials—is frivolous and malicious. To be clear, Plaintiff's claims are duplicative of other actions filed in this and other courts. *Compare* [Doc. 1-1], *with* Complaint, *Daker v. Ward*, 5:19-cv-00365-MTT-CHW, (M.D. Ga. Sept. 11, 2019), ECF No.

1 (alleging the same deprivation of personal property claims).[3]

Because the Complaint is duplicative, the magistrate judge correctly recommended that the Court dismiss Plaintiff's claims as frivolous or malicious. *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("We agree with our sister Circuits that a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA.").

## CONCLUSION

In sum, Plaintiff reargues old positions that the Court considered and addressed in its prior Orders. Accordingly, Plaintiff's Motion fails to outline any reason the Court should vacate its prior Order or Judgment. Therefore, the Court **DENIES** Plaintiff's Motion to Vacate and Reconsider [Doc. 15].

**SO ORDERED**, this 8th day of May, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Additionally, Plaintiff complains that officers took his "property" without allowing him to mail it to a friend or have a visitor pick it up. However, Plaintiff's property was deemed contraband (i.e., cell phones and related paraphernalia) and Plaintiff has no lawful right to possess contraband in a prison. Therefore, the confiscation cannot violate due process. *See Baker v. Piggott*, 833 F.2d 1539, 1540 (11th Cir. 1987); *Harris v. Forsyth*, 735 F.2d 1235, 1235 (11th Cir. 1984); *Torres v. Fla. Dep't of Corr.*, No. 4:15CV464-RH/CAS, 2017 WL 9439165, at *7 (N.D. Fla. Aug. 16, 2017), *report and recommendation adopted*, No. 4:15CV464-RH/CAS, 2017 WL 4031462 (N.D. Fla. Sept. 11, 2017), *aff'd*, 742 F. App'x 403 (11th Cir. 2018). Accordingly, Plaintiff's claims fail to state a cognizable claim.

Further, many of Plaintiff's claims arise from events occurring years ago—many of which are barred by the applicable statute of limitations. *See, e.g.*, [Doc. 1-1, p. 27 (alleging claims from 2018)]. The statute of limitations for due-process § 1983 claims in Georgia is two years. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).