IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Commissioner TIMOTHY WARD,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:22-cv-00342-TES-ALS** |

### ORDER

Before the Court is Plaintiff Waseem Daker's Motion for Relief from Judgment of Dismissal [Doc. 29] made pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits relief from a final judgment, order, or proceeding due to:

> (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" which could not have been discovered earlier "with reasonable diligence"; (3) fraud, misrepresentation, or an adverse party's misconduct; (4) a void judgment; (5) satisfaction, release, or discharge, or the prior judgment's reversal or vacatur, or it would not be equitable to apply the judgment prospectively; or (6) "any other reason that justifies relief."

*Sanders v. Wal-Mart Stores East LP*, 829 F. App'x 500, 501 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)(1)–(6)). Daker asks the Court for relief based on "an intervening change in controlling law" and "the need to correct clear error or manifest injustice." [Doc. 29, p. 4].

Daker has moved for relief from the Court's April 3, 2023, dismissal under Rules 59 and 60(b). As an initial matter, the Court would be remiss in failing to point out the procedural issues found in Daker's Motion for Relief. As discussed, Daker seeks relief under both Rule 59 and Rule 60(b) in his Motion. [Doc. 29, p. 3]. Rule 59(e) authorizes a motion to alter or amend a judgment after its entry, and reconsideration is only proper if the movant can demonstrate that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See* Fed. R. Civ. P. 59(e); *see also Bell v. Houston Cty.*, No. 5:04-cv-390 (HL), 2007 WL 4146205, at *2 (M.D. Ga. Nov. 19, 2007). "Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly." *Bell*, 2007 WL 4142605, at *2 (citing *Am. Assoc. of People with Disabilities v. Hood*, 278 F. Supp. 2d. 1337, 1339–40 (M.D. Fla. 2003)).

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Bell*, 2007 WL 4142605, at *2 (quoting *Hood*, 278 F. Supp. 2d at 1340). According to the explicit language of the Rule itself, a motion

brought pursuant to Rule 59(e) must be filed no later than 28 days "after the entry of a *judgment*." Fed. R. Civ. P. 59(e) (emphasis added).

Reconsideration motions can also be governed by Rule 60, the rule governing relief from final judgments and orders. *See* Fed. R. Civ. P. 60(b). Since these motions are not mentioned by name in the Federal Rules, courts have treated such motions to reconsider as being governed by Rule 59(e) if they are filed within 28 days and governed by Rule 60(b) if filed later. *Bell*, 2007 WL 4142605, at *2 (applying the former ten-day rule) (citing *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003)).

A motion seeking relief from an order made under Rule 60(b), however, carries a much more generous deadline. Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not previously have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). As for the timing of the motion, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For Rule 60(b) purposes, "[a] final judgment . . . is

any judgment that is an appealable order." *Bell*, 2007 WL 4142605, at *2 (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1131 (11th Cir. 1986). There can be no question that the Court's Order Adopting the Magistrate Judge's Report and Recommendation from April 3, 2023, was a final judgment as contemplated by Rule 60. *See generally* [Doc. 10].

Here, Daker filed his Motion later than 28 days following the entry of the April 3, 2023, Order. [Doc. 10]. Accordingly, Rule 59(e) cannot control. Daker, most likely foreseeing this procedural hiccup, has also moved for relief under Rule 60(b). [Doc. 29, pp. 3–4]. Daker argues that relief should be granted under Fed. R. Civ. P. 60(b)(5)–(6) so that "this Motion is timely made within a reasonable time under Fed. Civ. P. 60 (c)(1)," meaning that Daker's Motion would not fall under the one-year time constraint for filing. [*Id.* at p. 3].

Rule 60(b)(6) is the "catch-all ground for relief under Rule 60(b)." *Galbert v. West Caribbean Airways*, 715 F. 3d 1290, 1294 (11th Cir. 2013). The law is well settled that federal courts may grant relief under Rule 60(b)(6) only for extraordinary circumstances. *Nat'l Union Fire Ins. Co. v. Virginia Cavins & Progressive Sys., Inc.*, 2007 WL 2692723 at *3 (M.D. Ala. Sept. 11, 2007). Although a clear-cut change in the law may in certain circumstances provide the basis for relief under Rule 60(b)(6), "something more than a 'mere' change in the law is necessary." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987); *Madura v. BAC Home Loans Servicing, LP*, 734 Fed. App'x 629, 633 (11th Cir.

4

2018) ("Additionally, more than a mere change in the law is necessary to provide grounds for Rule 60(b)(6) relief; the petitioner must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief.") (citing *Ritter*, 811 F. 2d at 1401)). As expressed in more detail below, Daker's misinterpretation of the holding in *Trump v. CASA*, 606 U.S. 831 (2025) does not create such an extraordinary circumstance as to justify the relief he seeks.

To provide a bit of background, on August 4, 2020, the Northern District of Georgia issued an Order of Permanent Injunction against Daker. *See Daker v. Deal*, No. 1:18-CV-5243, doc. 57 (N.D. Ga. Aug. 4, 2020), *aff'd sub nom. Daker v. Governor of Ga.*, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). In that Order, the Court mandated that Daker include "with every lawsuit he files in this or any other federal court" a copy of the injunction as well as "a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court, along with the final disposition of each lawsuit, petition, or appeal." *Id.* at 19 (emphasis in original). Daker subsequently appealed the order of injunction, arguing that the district court lacks jurisdiction to order him to report his litigation history to other courts. The Eleventh Circuit, however, disagreed and held that reporting litigation history ensured enforcement of the injunction and that the injunction "operate[s] continuously and perpetually upon" and is "binding upon [Daker] . . . throughout the United States." *Daker*, 2022 WL 1102015, at *2 (citing *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932)).

On April 3, 2023, this Court dismissed Daker's Complaint. [Doc. 10]. Daker's Complaint was dismissed as untimely under Fed. R. Civ. P. 15(a). In that case, Daker's amended complaint was filed without Defendants' consent, without leave from the court, and more than five months after he filed the original Complaint. [*Id.*]. Even if the Court had accepted Daker's Amended Complaint, he nonetheless failed to comply with the instructions of the injunction imposed by the United States District Court for the Northern District of Georgia. [*Id.*]. In particular, Daker failed to attach a copy of the injunction as required by *Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015, at *1 (11th Cir. Apr. 13, 2022). [*Id.*]. This Court ultimately concluded that Daker failed to make even a good faith effort to comply with the injunction. [*Id.*].

Daker has now moved for relief from the Court's April 3, 2023, dismissal under Rule 60(b). Daker argues that in light of the United States Supreme Court's recent ruling in *Trump v. CASA*, 606 U.S. 831 (2025), the filing injunction instituted against him by the Northern District of Georgia requiring him to include a copy of the order and a list of every lawsuit he has ever filed with every new lawsuit he files in any other federal court is an improper universal or nationwide injunction which the Northern District lacks jurisdiction to issue. *See* [Doc. 29]. Daker presents four main arguments as to why his Motion should be considered: (1) a universal injunction exceeds the Court's "case or controversy" jurisdiction under Article III of the Constitution, (2) though "[t]he Judiciary Act of 1789 endowed federal courts with jurisdiction over 'all suits . . . in

6

equity,' and still today, this statute is what authorizes the federal courts to issue equitable remedies,' . . . there is no statute that gives this Court jurisdiction to decide what [Daker] must file in any other federal courts," (3) a district court's inherent power to manage its own docket does not translate into the power to manage the docket of each and every other federal court, and (4) federal courts do not have jurisdiction to issue advisory opinions over cases that have not yet been filed, so the instructions found in the injunction are inherently improper as they direct Daker to take action in relation to the filing of future complaints. [*Id.*].

However, Daker's case is not in any way, shape, or fashion analogous to the facts and circumstances giving rise to the holding in *Trump v. CASA*. In *CASA*, the Supreme Court held that "universal injunctions" -- that is, injunctions that "prohibit enforcement of a law or policy against anyone" -- "likely exceed the equitable authority that Congress has granted to federal courts." *Id.* at 837. (footnote omitted); see also, *id.* at 848 (noting that "universal injunctions". . . "reach anyone affected by legislative or executive action — no matter how large the group or tangential the effect. . ."). The injunction at issue in Daker's case, though, is simply not a universal injunction as described in *CASA*. *See id.* at n.1 (clarifying that the type of injunction referenced by the holding was properly termed "universal" injunction as opposed to "nationwide injunctions"). Rather, the Northern District's injunction instructs Daker to comply with certain requirements when filing a case in other districts. The holding in *CASA* relayed

that traditional parties-only injunctions are still properly applied beyond the jurisdiction of the issuing court. *See id.* at 837 n. 1 (citing *Steele v. Bulova Watch Co.*, 344 U.S. 280, 289 (1952)). The Supreme Court specifically noted that the "difference between a traditional injunction," which remains proper, and "a universal injunction," which is no longer appropriate, "is not so much <u>where</u> it applies but <u>whom</u> it protects: A universal injunction prohibits the Government from enforcing the law against <u>anyone</u>, anywhere." *Id.* (citing H. Wasserman, "Nationwide" Injunctions Are Really "Universal" Injunctions and They Are Never Appropriate, 22 Lewis & Clark L. Rev. 335, 338 (2018)). It is clear from the language used in *CASA* that the Supreme Court's intention was to limit the usage of universal injunctions and not filing injunctions which remain soundly within district courts' discretion. *See CASA*, 6063 U.S. at 839. The implementation of an injunction on Daker is well within a district court's jurisdiction as it applies only to Daker as a party in the case and does not attempt to enforce or prohibit enforcement of that directive against everyone else as a universal injunction would. As such, the filing injunction against Daker remains proper because it applies only to Daker as the party bringing a new case, it does not prohibit the government from enforcing anything, and it does not present a "question of legal interpretation for the entire realm." *Id.* at 848. In summation, it is not an impermissible universal injunction.

Daker's argument that the court lacks statutory authority to enjoin him likewise lacks merit. It is true that the holding in *CASA* expressed that because universal

injunctions are a relatively modern phenomenon, they fall outside the purview of a federal court's authority as established by the Judiciary Act. *Id.* at 847. The Judiciary Act granted authority to the courts to issue writs, including injunctions, by way of the All Writs Act. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 40 (1985) ("The All Writs Act originally was codified in § 14 of the Judiciary Act of 1789, 1 Stat. 81-82."). The All Writs Act now provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A court's power to protect its own jurisdiction under the Act includes

> the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts.

*Dinardo v. Palm Beach Cnty. Cir. Ct. Judge*, 199 F. App'x 731, 736 (11th Cir. 2006) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n. 15 (11th Cir. 2002) (citing *Procup v. Strickland*, 792 F.2d 1069, 1079 (11th Cir. 1986) (en banc), and *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099–1102 (11th Cir. 2004) (discussing in detail the All Writs Act).

Eleventh Circuit precedent establishes a district court's authority under the All Writs Act to enter a filing injunction against a vexatious litigant. In fact, the Eleventh Circuit has already endorsed the use of a filing injunction against Daker in *Daker v. Governor of Ga.*, No. 210-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) ("To counter such threat and to protect its

jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants."); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 518 (11th Cir. 1991) (federal courts "may limit the filing of frivolous law suits on a case by case basis"); *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir. 1993) (listing cases where this Court has upheld pre-filing restrictions on litigious plaintiffs). Thus, while universal injunctions lack "historical pedigree," *CASA*, 606 U.S. 846–47, filing injunctions do not, and, moreover, are specifically sanctioned under the All Writs Act for litigants like Daker.

Additionally, Daker's third argument that the district courts' inherent power does not permit them to manage other courts' dockets is unfounded. Daker's fundamental misunderstanding seems to stem from the language of the injunction itself. Contrary to Daker's assertions, the injunction does not seek to manage other courts' dockets. Instead, the injunction instructs Daker, who is undoubtedly a party in the applicable cases, to take a certain action. The critical distinction is that the injunction places a burden of action on Daker himself and not on the district court. Any court that Daker files a future case in retains its discretion to enforce compliance with the injunction as it deems fit. This is inarguably within the purview of a district court's jurisdiction.

As to Daker's fourth argument, the Court does not concede that the injunction's instruction to report Daker's litigation history is motivated exclusively by a desire to

10

inform and advise other district courts of Daker's previous litigation history. While federal courts are not permitted to rule upon questions that are hypothetical or which do not affect the rights of the parties in the case before the court, *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), the injunction at issue does not rule on or impact any question that Daker wishes to bring before another court. The injunction simply instructs Daker to list his litigation history and attach a copy of the order instructing him to do so. Further, Daker was indisputably a party to the case that this Court dismissed based on Daker's failure to comply with the Northern District's injunction. He will likewise be a party to any future case that he files. Thus, there is no hypothetical question left unanswered by the imposition of such an injunction.

Finally, this Court dismissed Daker's case because Daker had filed a suit in contravention of the Northern District's injunction against him. However, the Eleventh Circuit has also affirmed the Northern District's injunction in April of 2022. *See Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). The Eleventh Circuit's opinion affirming the injunction specifically addressed the jurisdiction argument and serves as binding authority upon this Court. Even giving Daker the benefit of the doubt on each of his arguments, this Court cannot and will not enter an order out of sync with clear direction from the Eleventh Circuit.

Daker has failed to meet his burden under Fed. R. Civ. P. 60(b) to justify relief from the April 3, 2023, dismissal. Accordingly, Daker's Motion [Doc. 29] is **DENIED**.

**SO ORDERED**, this 7th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
